```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**NICHOLAS WARNER JONES,**

                **Plaintiff,**

        **v.**                              CASE NO.  08-3207-SAC

**JOHN A. ROWLEY,**
**et al.,**

                **Defendants.**

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate serving a sentence imposed by the State of Maryland who is being housed in the Leavenworth Detention Center, a private prison facility in Leavenworth, Kansas.  Named as defendants are J. Rowley, "NMCI Managing Prison Warden" employed by the Maryland Division of Corrections (MDOC); J.M. Stouffer, Commissioner, MDOC; S. Oakley, Director, Maryland State Inmate Grievance Office (IGO); and L. Adegbesan, Administrative Officer, IGO.  Plaintiff alleges that all defendants were acting under color of Maryland state law.

**ALLEGATIONS AND CLAIMS**

In the factual background portion of his pro se form complaint, plaintiff alleges that defendants have "banished and exiled" him from the State of Maryland "to moot his habeas corpus action in <u>Jones v. John A. Rowley</u>," for which he provides a number of CA-1510-06-RDB./4CCA#07-6960, and "to disable (his) ability to obtain due process of law hearings" in several other cases apparently pending in Maryland and/or the Fourth Circuit.

As count one of his complaint, Mr. Jones alleges he was banished and exiled from the State of Maryland "after being repeatedly tortured, beat, and assaulted by Maryland State Officers while (he was) serving his 1984 prison sentence." He also claims his transfer out of Maryland involved destruction of all private papers and private property, a prohibition on acquisition and use of private property, the "prohibition of free speech and assembly," and "the disability to seal out-going mail."

As count two, plaintiff claims that from July 8 to July 11, 2008, he was housed at a Maryland Correctional Institution without food, water, and pain medication for a cervical injury; and until around July 22, 2008, without a bed, clothes, a shower, soap, a toothbrush, tooth paste, his habeas corpus forms, writing pen, and envelope. He also claims he was attacked by prison officers, and the attack was videotaped. He alleges he was held and punched several times by a prison officer holding handcuffs and others, resulting in "profuse hemorrhaging," pain, and unconsciousness; and that he later awakened naked, lying in a puddle of blood, on a dirty floor in an empty cell. He claims he was not provided a medical exam of or treatment for his head trauma, kin were not notified, and there was no neutral criminal investigation from July 11, 2008 through July 19, 2008.

Finally, plaintiff claims that on July 23, 2008, while he was en route to a transport bus, he was forcibly strip searched and his rectum was searched on two occasions, and that defendant Warden Rowley had authorized the use of "violent physical force" upon on him.

Mr. Jones seeks $250,000,000 in punitive, nominal, and

2

compensatory damages for "bad faith, unlawful and discriminatory oppression."

**LACK OF PERSONAL JURISDICTION**

It appears from the materials filed by Mr. Jones that this complaint should not have been filed in this court. It is clear from the face of the complaint that this court lacks personal jurisdiction over all defendants, who are all residents of the State of Maryland and are not alleged to have any connection with the State of Kansas. Moreover, plaintiff complains of events that occurred in Maryland. No facts are alleged indicating that the Kansas long-arm statute would apply to the named defendants. See Trujillo v. Williams, 465 F.3d 1210, 1217-18 (10th Cir. 2006).

**IMPROPER VENUE**

Moreover, this is not the proper venue for plaintiff's claims. Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). Under Section 1391(b) this action must be brought in the judicial district where defendants reside, or the events or omissions giving rise to the claims occurred. 28 U.S.C. § 1391(b)[1]. All defendants are employees of the Maryland Division of Corrections and apparently reside in the State of Maryland. Plaintiff appears to be a citizen

---

[1] 28 U.S.C. § 1391(b), the general venue provision for federal civil claims, provides that such an action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

of the State of Maryland. The actions or inactions of which he complains occurred in Maryland. Thus, Maryland law likely applies. The federal district court in Maryland rather than in Kansas would be better equipped to litigate plaintiff's claims and order relief. The court finds that this action should have been filed in Maryland.

**TRANSFER OF ACTION**

A court may sua sponte cure jurisdictional and venue defects by transferring a suit under 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice. Section 1406(a) provides that a district court, in the interest of justice, may transfer any civil action to any other district where it might have been brought[2]. The transfer of this action is appropriate because plaintiff's claims arise from actions or inactions occurring in Maryland; the relevant records are located in Maryland; and if any formal proceedings are required in this case, the District of Maryland would be more convenient for the witnesses. The court concludes it is in the interest of justice to transfer this action. Plaintiff will be given time to show cause, if any, why this action should not be transferred to the District of Maryland.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has obviously been incarcerated for years, but does

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631.

4

not provide the certified statement of his inmate account for the six months immediately prior to filing this complaint as required by statute.  Thus, he has not satisfied the statutory prerequisites for an Application to Proceed Without Prepayment of Fees (Doc. 2).  He is advised that he is required to obtain from all institutions in which he was confined and submit the proper documentation to supplement his in forma pauperis motion.  However, in the event that this action is transferred to another judicial district, this court will provisionally grant leave to proceed without prepayment of fees for the purpose of transfer to Maryland only.  The transferor court may then determine plaintiff's in forma pauperis application (Doc. 2) in accordance with its rules and procedures.

**IT IS THEREFORE ORDERED** this plaintiff is granted twenty (20) days in which to show cause why this action should not be transferred to the United States District Court for the District of Maryland.

**IT IS SO ORDERED.**

DATED:  This 16th day of September, 2008, at Topeka, Kansas.

**s/ Sam A. Crow**
**U.S. Senior District Judge**